■ In the Matter of FRANCIS J. RAHILL, JR., et al., Respondents, v. HARRY BRONSTEIN et al., Constituting the Department of Personnel and the Civil Service Commission of the City of New York, et al., Appellants.— Order and judgment (one paper), Supreme Court, New York County, entered on February 24, 1972, unanimously reversed, on the law, vacated, and the petition dismissed, without costs and without disbursements. Special Term, in ruling that petitioners-respondents, honorably discharged reservists, were entitled to veterans' disability preferences for the purpose of raising civil service standing for promotion as policemen, relied on *Matter of Sullivan* v. *Hoberman*, (34 A D 2d 6, affd. 28 N Y 2d 667). Sullivan had been injured during a statutorily defined period of war while in periodic actual camp training as part of his duty as an army reservist

and was held entitled to a preference. Petitioners do not so qualify. Petitioners Cass, O'Donnell, Jenkins and Mulderrig had not had any full-time active duty, as that term is ordinarily understood. The latter two had some annual training duty, which is not considered (General Construction Law, § 13-a) active duty in the armed forces. Preference was denied by appellants to all four accordingly. Rahill was denied a disability preference because his injury had not occurred during a statutorily defined "time of war" (Civil Service Law, § 85). Nor was he entitled to a nondisability preference because, like the others, his service was not in "time of war." None of the five came within the *Sullivan* specifications, particularly because his injury was sustained during a section 85 time of war, and that was the *sine qua non* in his case. Reliance on *Sullivan* was therefore misplaced and petitioners are entitled to no preference. Concur — Markewich, J. P., Kupferman, Murphy, Steuer and Tilzer, JJ.